UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Jane E. Meisse Shuford,

                Plaintiff,

-against-

United States of America,

                Defendant,

-----------------------------------------------------------x

Filed
U.S. DISTRICT
★ NOV 14 2013
LONG ISLAND OFFICE

**VERIFIED COMPLAINT**

CV-13
FEUERSTEIN, J
TOMLINSON, M

Plaintiff alleges:

1. Plaintiff, Jane E. Meisse Shuford (hereinafter "Shuford"), at all times hereinafter mentioned was and still is a citizen of the United States, resident and domiciled in Huntington Station, County of Suffolk and State of New York.

2. This case arises under 28 USC Sections 1346 (b) and 2671 – 2680, the "Federal Tort Claims Act" and 28 USC 1391 (e), as it is an action against the United States of America. Plaintiff has filed a claim for damage, injury, or death and settlement of the claim has been denied. Please see letter of VA regional counsel attached hereto and forming a part hereof.

3. This action is properly venued in the Eastern District of New York as the plaintiff resides in that district.

4. Defendant, United States of America, through its employees and through the Veteran's Administration, a federal agency, at all times hereinafter mentioned did, and it now does, operate a Hospital in 759 Middleville Rd., Northport, County of Suffolk and State of New York (hereinafter "Hospital"),

5. On September 19, 2012, the plaintiff was taken to Hospital after suffering a yellow jacket bee sting, which resulted in an allergic reaction.

6. The defendant, United States of America, through its employees, in a grossly negligent and careless manner, while plaintiff was in the emergency room at Hospital, injected 1:1000 ml epinephrine by needle directly into plaintiff's bloodstream; to wit, after asking a doctor employed by hospital on three (3) separate occasions "Epi DR.?", nurse Diane Sweeney injected 1:1000 ml of epinephrine by needle directly into a hep- lock installed in plaintiff's arm, introducing the content without dilution or 1:1000 ml of epinephrine directly into the claimant's bloodstream. Within seconds, claimant experienced a burning sensation throughout her entire body, from head to toe, excruciating pain from head to toe, excruciating chest pain, and involuntary movements of the head, hands, feet and other parts of her torso. In an instant, Claimant was unable to breathe, had rapidly dropping blood pressure and her pulse could not be palpated and a code alarm was sounded.

7. At all times during the happening of this event, plaintiff was under the complete control of the defendant-Hospital is is is and was unable to control her circumstances.

8. As a result of the negligent and careless acts of defendant hospital, without any contributory negligence on the part of the plaintiff, the plaintiff was confined to the hospital and was thereafter, and is now, required to have and seek medical care for the treatment of the injuries she has sustained. Plaintiff suffered injuries to her heart muscle, was and remains vaso-constricted. Plaintiff was in shock, had vertigo and difficulty focusing. Plaintiff was sent to the intensive care where her vital signs fluctuated

uncontrollably. In addition to physical injuries, plaintiff has been psychologically traumatized and remains unable to work. To date, as a direct and direct and proximate result of her injuries, the claimant has been unable to return to work as a psychiatric nurse practitioner at the VA Medical Center or as a third-party independent nurse in private practice.

9. Plaintiff has suffered and will continue to suffer great physical and mental pain and anguish and will continue to suffer loss of employment and her earning capacity has been permanently impaired.

10. Plaintiff has been damaged in the amount of ONE MILLION ($1,000.000.00) DOLLARS.

11. Plaintiff has at all times borne true allegiance to the Government of the United States of America and has not in any way voluntarily aided, abetted or given encouragement to rebellion against the Government.

WHEREFORE, plaintiff demands judgment against defendant in the sum of ONE MILLION ($1,000.000.00) DOLLARS besides the costs and disbursements of this action.

## VERIFICATION

I, Jane E. Meisse Shuford, a citizen of the United States and resident of the State of New York, am a plaintiff in this action. I have read the foregoing Verified Complaint and I declare under penalty of perjury under the laws of the United States of America, that the foregoing facts are correct and true to the best of my knowledge and belief and

that those factual matters that are stated upon information and belief are believed to be true.

*Jarie E-Meisse Shuford*

Jarie E. Meisse Shuford

Dated: Huntington, NY, October 29, 2013

JOSEPH T. ADRAGNA, ESQ. (9111)
50 East Main Street
Huntington, New York   11743
(631) 271-0030
(631) 271-0259  Fax
jtakk1@optonline.net



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF REGIONAL COUNSEL
3900 Loch Raven Boulevard
Building 4
Baltimore, Maryland 21218

410-605-7600 -   Telephone
410-605-7699 – Facsimile

***CERTIFIED MAIL - RETURN RECEIPT REQUESTED***

September 3, 2013

Mr. Joseph T. Adragna
58 East Main Street
Huntington, New York  11743

Subject: Administrative Tort Claim - Request for Reconsideration
Claim of Jane Meisse-Shuford

Dear Mr. Adragna:

Reference is made to the reconsideration request received from you on June 18, 2013 in relation to the Region 2 VA Office of Regional Counsel's May 28, 2013 denial of the subject administrative tort claim filed in their office on February 12, 2013. The claim was in the amount of $1,000,000 for personal injury and alleged negligence in administering the wrong dose of epinephrine to the Claimant as treatment for bee stings.

We have completed our reconsideration under the provisions of the Federal Torts Claims Act. We affirm the denial of this claim adjudicated by the VA Office of Regional Counsel, Region 2 on May 28, 2013. The claim is again denied upon reconsideration.

If you are dissatisfied with the action taken on this claim, suit may be filed in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Respectfully,

*[signature]*

FRANK D. GIORNO
VA Regional Counsel
Region 3
Office of Regional Counsel

cc: VA Regional Counsel, Region 2

UNITED STATES ~~COURT~~ DISTRICT COURT, EASTERN DISTRICT
STATE OF NEW YORK, ~~COUNTY OF~~                               Index No.            Year

JANE E. WEISSE SHUFORD,

                                                                   Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                                                                 Defendant,

SUMMONS and COMPLAINT

*/s/ Joseph T. Adragna*

JOSEPH T. ADRAGNA, ESQ.

*Attorney(s) for* Plaintiff

*Office and Post Office Address, Telephone*

58 EAST MAIN STREET
HUNTINGTON, NEW YORK 11743
(631) 271-0030   JTAKK1@VERIZON.NET

**To** Attorneys for United States of America    Signature (Rule 130-1.1-a)

                                                              Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**Attorney(s) for**

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                         of which the within is a true copy
will be presented for settlement to the HON.                         one of the judges of the
within named Court, at
on                                          at                           M.
Dated,

                                                                Yours, etc.